Todd B. Scherwin (SBN 239848)
E-Mail: tscherwin@fisherphillips.com
Anet Drapalski (SBN 282086)
E-Mail: adrapalski@fisherphillips.com
Marianna Bertikian (SBN 322596)
E-Mail: mbertikian@fisherphillips.com
Sophia Ellis (SBN 348096)
E-Mail: sgellis@fisherphillips.com
**FISHER & PHILLIPS LLP**
515 South Flower Street, Suite 1200
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
WALT DISNEY PARKS AND RESORTS U.S., INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| KANAYO OKAFOR<br><br>Plaintiff,<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC., and DOES 1 through 10,<br><br>Defendants. | CASE NO.:<br><br>*[Removed from Orange County Superior Court Case No.* 30-2026-01574064-CU-OE-CJC*]*<br><br>**DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S NOTICE AND PETITION OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441, AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet; Corporate Disclosure; Notice of Interested Parties; Notice of Related Case; Declaration of Marianna Bertikian]*<br><br>Complaint Filed: May 27, 2026<br>Trial Date: Not Yet Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND ALL PARTIES OF RECORD AND THEIR COUNSEL:**

**PLEASE TAKE NOTICE THAT** Defendant WALT DISNEY PARKS AND RESORTS U.S., INC. ("WDPR") hereby respectfully removes this action filed by Plaintiff KANAYO OKAFOR ("Plaintiff") from the Superior Court of the State of California for the County of Orange County, Case No. 30-2026-01574064-CU-OE-CJC, to the United States District Court for the Central District of California – Southern Division. This District Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1441(a), as Plaintiff has alleged violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("Equal Pay Act") and is timely under 28 U.S.C. § 1446. The grounds for removal are as follows:

## I. STATEMENT OF JURISDICTION

1. This matter is a civil action over which this District Court has original jurisdiction based on the existence of a federal question pursuant to 28 U.S.C. § 1331. This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), as it is a civil action that presents a federal question. *See* 28 U.S.C. §§ 1331, 1441(a).

## II. VENUE

2. This action was filed in the California Superior Court for the County of Orange. Thus, venue properly lies in the United States District Court for the Central District of California. *See* 28 U.S.C. §§ 84(c), 1391, and 1441.

## III. FACTUAL AND PROCEDURAL BACKGROUND

3. On May 27, 2026, Plaintiff filed an unverified Complaint for damages against WDPR in the Superior Court of the State of California, Orange County, entitled, *Kanayo Okafor v. Walt Disney Parks and Resorts U.S., Inc.;* bearing Case

No. 30-2026-01574064-CU-OE-CJC ("State Court Action"). Declaration of Marianna Bertikian ("Bertikian Decl."), ¶ 3, **Exhibit A** (Complaint).

4. The Complaint alleges seven causes of action for: (1) race discrimination under Title VII; (2) sex discrimination under Title VII; (3) violation of the Equal Pay Act; (4) retaliation for engaging in protected activity under Title VII and taking medical leave; (5) race discrimination under FEHA; (6) sex discrimination under FEHA; and (7) retaliation. Bertikian Decl., ¶ 3, **Exhibit A.**

5. On May 27, 2026, Plaintiff filed her Complaint, Summons, and the Civil Case Cover Sheet. Bertikian Decl., ¶ 4, **Exhibit B.**

6. On June 1, 2026, the court in the State Court Action set a Case Management Conference for October 30, 2026. Bertikian Decl., ¶ 5, **Exhibit C.**

7. On September 30, 2026, Plaintiff served WDPR with the Summons and Complaint via personal delivery. Bertikian Decl., ¶ 6, **Exhibit D**.

8. On October 15, 2026, WDPR filed a Case Management Conference Statement, which informed the court that WDPR would be removing the case. Bertikian Decl., ¶ 7, **Exhibit E**.

9. On October 16, 2026, Plaintiff filed proof of service of summons. Bertikian Decl., ¶ 8, **Exhibit F**.

10. On October 30, 2026, WDPR filed and served a Notice of Removal of Action to Federal Court and WDPR's Answer and Affirmative Defenses in the State Court Action. Bertikian Decl., ¶ 9–10, **Exhibit G–H**.

11. As of the date of this Notice of Removal, no other processes, pleadings, and/or orders have been served upon WDPR in the State Court Action. Bertikian Decl., ¶ 11.

## IV. TIMELINESS OF REMOVAL

12. This Notice of Removal is timely filed because it is filed within thirty days of service of the initial pleading setting forth the claim for relief upon which the State Lawsuit is based. *See* 28 U.S.C. § 1446(b)(1); *see also Murphy Bros. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (11th Cir. 1999). Therefore, this Notice of Removal has been timely filed.

## V. GROUNDS FOR REMOVAL

### A. The Court has Federal Question Jurisdiction.

13. This is a civil action wherein this Court has original jurisdiction under 28 U.S.C. § 1331, and is one that may be removed because Plaintiff has alleged violations under Title VII and the Equal Pay Act. *See* Bertikian Decl., ¶ 3, **Exhibit A**.

14. This matter plainly arises under federal law because Plaintiff's Complaint refers to and arises out of alleged violations under Title VII and the Equal Pay Act. Specifically, Plaintiff avers that WDPR discriminated against Plaintiff based on her race and gender. Bertikian Decl., ¶ 3, **Exhibit A** (Compl. at ¶¶ 26–61).[1] As alleged by Plaintiff, WDPR's alleged conduct is prohibited by Title VII. *Id.* at ¶ 3, **Exhibit A** (Compl. at ¶¶ 27, 44). Plaintiff further alleges that WDPR paid her less than her male colleagues who were performing substantially equal work. *Id.* at ¶ 3, **Exhibit A** (Compl. ¶ 62–79). Plaintiff alleges that such actions were in violation of the Equal Pay Act. *Id.* at ¶ 3, **Exhibit A** (Compl. ¶ 79). Additionally, Plaintiff alleges that WDPR retaliated against her for engaging in protected activity under Title VII. *Id.* at ¶ 3, **Exhibit A** (Compl. ¶ 80–91).

15. Accordingly, this is a civil action arising under the laws of the United States under 28 U.S.C. § 1331, for which the district courts of the United States have original jurisdiction. Therefore, removal is proper here.

### B. The Court Has Supplemental Jurisdiction

16. If this Court were to find that any of Plaintiff's claims do not implicate federal question jurisdiction, this Court has supplemental jurisdiction over those remaining claims because they form part of the same case or controversy which is

---

the subject of Plaintiff's claims under claims for which the Court has original jurisdiction (i.e., Title VII and the Equal Pay Act). 28 U.S.C. §§1367(a), 1441(a); *see City of Chicago v. Int's Conference of Surgeons*, 522 U.S. 156, 156–59 (1997) (affirming the exercise of supplemental jurisdiction over a plaintiff's state law claims where they have a "common nucleus of operative fact" with the federal claims). In fact, Plaintiff's claims under the FEHA are supported by the same facts alleged for her Title VII and Equal Pay Act claims. *See generally* Bertikian Decl., ¶ 3, **Exhibit A**.

17. Accordingly, this Court has jurisdiction over all claims in the Complaint.

## VI. PROCEDURAL REQUIREMENTS FOR REMOVAL

18. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Central District of California is the appropriate court to which to remove this action from the Orange County Superior Court, where the action was filed. 28 U.S.C § 1441(a) ("Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); *see Polizzi v. Cowles Magazines*, *Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending). This Court (The Central District of California) embraces the Orange County Superior Court, which is where Plaintiff's Complaint was filed and where the State Court Action is currently pending. Accordingly, this Court is the appropriate court to which to remove this action.

19. As required by 28 U.S.C. § 1446(d), a written notice of this Notice of Removal in the United States District Court for the Central District of California is being served on Plaintiff on the date this Removal is filed. Bertikian Decl., ¶ 9

**Exhibit G**. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Orange County Superior Court for the State of California, on the date this Removal is filed. *Id.*

20. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the State Court Action served on WDPR or filed by it are attached to the Declaration of Marianna Bertikian as **Exhibits A-H.**

21. This notice is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

22. In filing this notice, WDPR does not waive any defenses. In filing this notice, WDPR does not admit any of the allegations made in Plaintiff's State Court Action.

## VII. CONCLUSION

23. This Court has original jurisdiction over this civil action because it presents a federal question, raising issues directly implicating federal law under the Title VII and the Equal Pay Act. Based on the foregoing, WDPR prays that the State Court Action be removed from the Orange County Superior Court of California to the United States District Court for the Central District of California.

DATE: October 30, 2026 FISHER & PHILLIPS LLP

By: */s/ Marianna Bertikian*

Todd B. Scherwin
Anet Drapalski
Marianna Bertikian
Sophia Ellis
Attorneys for Defendant
WALT DISNEY PARKS AND RESORTS U.S., INC.

# CERTIFICATE OF SERVICE

I, the undersigned, am over the age of 18 years and not a party to this action. I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 515 South Flower Street, Suite 1200, Los Angeles, California 90071.

On October 30, 2026, I served the following document(s) **DEFENDANT'S NOTICE AND PETITION OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441, AND 1446** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Kanayo Okafor<br>7812 Jennifer Circle<br>La Palma, CA 90623 | *Plaintiff Pro Per*<br><br>Tel: (714) 603-4780 |

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Los Angeles California, in a sealed envelope with postage fully prepaid.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above. My electronic service address is astark@fisherphillips.com.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed October 30, 2026, at Los Angeles, California.

| | |
|---|---|
| Amy Stark | By: */s/ Amy Stark* |
| Print Name | Signature |